**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>for the use and benefit of )<br>DAVIS CONTRACTING, L.P., )<br>                          )<br>            Plaintiff,    ) | **CIVIL ACTION** |
| v.                       ) | No. 05-1219-MLB |
| B.E.N. CONSTRUCTION, INC. )<br>and NATIONAL AMERICAN     )<br>INSURANCE COMPANY,        )<br>                          )<br>            Defendants.   ) | |

**MEMORANDUM AND ORDER**

This matter comes before the court on plaintiff's motion for confirmation of arbitration award and entry of judgment. (Doc. 19.) The motion has been fully briefed and is ripe for decision.[1] (Docs. 20, 22, 23.) The motion is GRANTED for the reasons stated herein.

**I. FACTS**

Plaintiff Davis Contracting, L.P. ("Davis Contracting") filed suit against defendants B.E.N. Construction, Inc. ("B.E.N. Construction") and National American Insurance Company ("NAICO") in July 2005. Davis Contracting sought recovery from B.E.N. Construction under breach of contract and quantum meruit theories and from B.E.N.

---

[1] Defendant National American Insurance Company requested oral argument on plaintiff's motion, after receipt of plaintiff's reply brief, contending that oral argument would be helpful "in light of arguments raised for the first time in Davis' reply brief, to articulate the due process implications of Davis' position." (Doc. 24.)
  The court finds oral argument would not be helpful to its determination of the ultimate issues and therefore denies the request for oral argument on plaintiff's motion.

Construction and NAICO under a claim against a payment and performance surety bond.  (Doc. 1.)  On September 6, 2005, NAICO and B.E.N. Construction jointly filed a motion to stay the proceedings in the federal case on the ground that Davis Contracting was required to submit its claim to arbitration per the parties' written contract.  (Docs. 12, 13.)  On October 7, 2005, the court filed an agreed order of stay pending arbitration.  (Doc. 15.)  The agreed order stated that the parties agreed that "the disputes between them are subject to binding arbitration" and that "the parties shall resolve all issues presented in this action via arbitration in accordance with the parties' contract."  The agreed order concluded by stating that plaintiff's counsel "shall update the court within twenty-one days after the entry of an arbitration award."[2]

No activity occurred in the federal court in this case for the next ten months.  Then, on July 28, 2006, NAICO filed a motion to dismiss Davis Contracting's claims against it for lack of prosecution. (Doc. 16.)  In its motion, NAICO alleged that "[t]o date, Plaintiff has failed to initiate an arbitration proceeding and to present its claim against B.E.N. and NAICO."  Davis Contracting responded on August 1, 2006, by informing the court that it had initiated an arbitration proceeding with B.E.N. Construction that was scheduled for August 10, 2006.  (Doc. 17.)  Davis Contracting also stated that "NAICO was not named as a party to the arbitration because Davis has no agreement with NAICO that requires disputes involving NAICO to be

---

[2] As evident, infra, Davis Contracting did not comply with this provision of the agreed order.  NAICO has not raised any argument in this regard, however.

-2-

resolved through binding arbitration." NAICO subsequently withdrew its motion on August 15, 2006. (Doc. 18.) The parties agree that until Davis Contracting filed its response in this court on August 1, 2006, NAICO had no notice of the August 10, 2006 arbitration proceeding.

The court did not hear from the parties again for three months. On November 22, 2006, Davis Contracting filed a motion for an order confirming an arbitration award and for an entry of judgment. (Doc. 19.) Attached to the motion was the underlying contract between Davis Contracting and B.E.N. Construction and the award of the arbitrator from the American Arbitration Association (dated August 23, 2006) finding for Davis Contracting on the underlying claim. Davis Contracting sought an entry of judgment on the arbitration award against B.E.N. Construction and NAICO, jointly and severally.[3] NAICO's response argues that it did not receive sufficient notice of the arbitration and that to bind it as surety would violate NAICO's right to due process under the Fourteenth Amendment to the United States Constitution. (Doc. 20.) Davis Contracting's reply asserts that NAICO did have adequate notice of the arbitration and NAICO's

---

[3] B.E.N. Construction did not respond to Davis Contracting's motion to confirm and for entry of judgment, filed on November 22, 2006. B.E.N. Construction's attorney's December 8, 2006 motion to withdraw as counsel was granted on January 2, 2007, after exhibits in support of the motion to withdraw were filed. (Docs. 21, 25, 26, 27, 28.) B.E. N. Construction was given until January 16, 2007, to obtain new counsel, because it is a corporate defendant and cannot represent itself. See Harrison v. Wahatoyas, L.L.C., 253 F.3d 552, 556 (10th Cir. 2001)(stating that a business entity may only appear in court through an attorney). As of the date of this order, no attorney has entered an appearance on behalf of B.E.N. Construction and no response has been filed. Whether the court has the power to confirm the arbitration award as to B.E.N. Construction in these circumstances is discussed below.

interests were sufficiently represented by B.E.N. Construction at the arbitration. (Doc. 22.) As alternative relief to its request for the court to confirm the arbitration award and enter joint and several liability on that award against B.E.N. Construction and NAICO, Davis Contracting requests the court to permit NAICO to present any defenses to liability as surety it feels have not been resolved. (Doc. 22 at 22.) Davis Contracting filed as exhibits to its reply the bonds it alleges bind NAICO as surety. (Doc. 23.)

## II. ANALYSIS

This court's jurisdiction over the parties' controversy arises under the Miller Act, 40 U.S.C. §§ 3131 through 3134. Congress created the Miller Act because federal property is not subject to a state's mechanics lien laws, United States ex rel. Ascher Bros. Co. v. Am. Home. Assurance Co., No. 98 C 0998, 2003 WL 1338020, at * 21 (N.D. Ill. Mar. 18, 2003), and therefore the Act was needed "to protect persons who supply labor and materials for the construction of federal buildings." United States ex rel. B & D Mech. Contractors, Inc. v. St. Paul Mercury Ins. Co., 70 F.3d 1115, 1117 (10th Cir. 1995). The Miller Act provides for exclusive jurisdiction in federal courts to determine a surety's liability on a bond made under § 3131 of the Miller Act. Id. at 1117-18 (stating that "the Miller Act grants federal courts exclusive jurisdiction"). Venue of a case under the Miller Act arises "in the United States District Court for any district in which the contract was to be performed and executed, regardless of the amount in controversy." 40 U.S.C. § 3133(b)(3)(B). Therefore, only the federal court located in the district of the contract's performance may determine a surety's liability on a Miller

Act bond. The underlying contract in this case was to be performed at various locations in Kansas and therefore venue of this case is appropriate in this court.

After filing this Miller Act claim, the parties, including NAICO, moved the court to stay the proceedings pending arbitration. (Docs. 12, 13.) The court agreed and ordered the case stayed. (Doc. 15.) Arbitration was commenced in August 2006 and a decision was rendered by the arbitrator on August 23, 2006. (Doc. 19 Exh. B.) NAICO has raised an issue regarding notice of the arbitration which will be discussed in more detail, infra.

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, governs agreements to arbitrate. There is a "liberal federal policy favoring arbitration." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983). In accordance with this liberal policy, there is "an expectation that [arbitration] procedures will be binding." P & P Indus. Inc. v. Sutter Corp., 179 F.3d 861, 866 (10th Cir. 1999). The arbitrator's decision of August 23, 2006 was in favor of Davis Contracting. Davis Contracting now seeks confirmation and entry of judgment on the arbitration award.

Regarding confirmation of arbitration awards, § 9 of the FAA states:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the

-5-

> agreement of the parties, then such application may be made to the United States court in and for the district in which such award was made. Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.

9 U.S.C. § 9. Therefore, § 9 authorizes confirmation of an arbitration award by this court where the parties have agreed that "a judgment of the court" would be entered upon an arbitration award. P & P Indus., Inc., 179 F.3d at 863. Confirmation of an arbitration award is intended to be a summary proceeding and § 9 states that a federal district court having jurisdiction over the matter "must grant" a motion to confirm an arbitration award, "unless the award is vacated, modified or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9.

Section 9 of the FAA also governs the correct venue of a motion for confirmation of an arbitration award. Section 9 states that if no court is specified in the parties' agreement to arbitrate, then a party "may" bring an action to confirm the arbitration award in the district in which the award was made. 9 U.S.C. § 9. This venue provision of the FAA has been held to be permissive, however, and an arbitration award may be confirmed either where the award was made or in any district proper under general venue principles. Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co., 529 U.S. 193, 195 (2000). As

-6-

a result, authority under the FAA to confirm or vacate arbitration awards is not limited to the district court where the award was made, and this court has proper jurisdiction over the parties. P & P Indus., Inc., 179 F.3d at 870. As stated above, this court has jurisdiction over the parties and venue under the FAA is also appropriate.

As an initial matter, the court must address whether it can confirm the arbitration award against B.E.N. Construction without a response from B.E.N. Construction to Davis Contracting's motion seeking confirmation. As noted above, B.E.N. Construction, despite being a corporate entity that cannot represent itself, is no longer represented by counsel in this proceeding and has not responded to Davis Contracting's motion. Section 9 seems to not require such a response from B.E.N. Construction because it states: "If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration . . . ." 9 U.S.C. § 9. This consent-to-confirmation requirement is therefore already built in to the FAA when it is so dictated by the parties' agreement. If the parties have agreed that a judgment shall be entered, then the parties have affirmatively agreed to confirmation. See Bowen v. Amoco Pipeline Co., 254 F.3d 925, 931 (10th Cir. 2001) (stating that "[u]nder § 9 of the FAA, parties must express their intentions regarding judicial confirmation of an arbitration award in their arbitration agreements" and the parties' intention can be either explicit or implicit)(citing Okla. City Assocs. v. Wal-Mart Stores, Inc., 923 F.2d 791 (10th Cir. 1991)).

Here, the parties' contract states that any disagreement shall

-7-

be "decided and settled by binding arbitration." The parties' agreement goes on to state: "A judgment on any award rendered by the arbitrator(s) may be entered by any court having jurisdiction thereof." (Doc. 19, Exh. A ¶ 24.) The parties have agreed that their arbitration shall be binding and that a judgment may be entered on that binding arbitration award. As a result, the parties' agreement demonstrates their intent that the result of any arbitration award be final and binding and both parties have affirmatively consented to confirmation. See, e.g., Image Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1055 (10th Cir. 2006) (stating that because arbitration is a matter of contract, the intent of the parties with regard to that contract is controlling); P & P Indus., Inc. v. Sutter Corp., 179 F.3d 861 (10th Cir. 1999) (finding an implicit agreement to confirmation of an arbitration award by merely agreeing to the application of the AAA Rules which deem consent to confirmation). B.E.N. Construction's further consent to confirmation of the arbitration award by way of a responsive pleading in this proceeding is not necessary.

As a result, there is no question that the arbitration award must be confirmed and judgment entered against B.E.N. Construction. B.E.N. Construction has not challenged the arbitrator's decision in any of the ways authorized by §§ 10 or 11 of the FAA. See 9 U.S.C. §§ 10–-11 (stating grounds for challenging an arbitration award, such as, inter alia, corruption, fraud, misconduct, or mistake). The matter does not end here, however. Davis Contracting also asks that judgment on the arbitration award be entered against NAICO, a non-party to the arbitration agreement and a non-party at the arbitration, but the

-8-

surety of B.E.N. Construction.

Regarding a surety on a performance bond, the Tenth Circuit has stated: "Suretyship has generally been defined as 'a contractual relation resulting from an agreement whereby one person, the surety, engages to be answerable for the debt, default or miscarriage of another, the principal.' In the absence of special provisions in the contract, the liability of a surety on a performance bond is coextensive with that of its principal." Painters Local Union No. 171 v. Williams & Kelly, Inc., 605 F.2d 535, 539 (10th Cir. 1979) (internal citations omitted). Because of this, a surety could plead any defenses available to its principal but could not make a defense that could not be made by its principal. United States v. Consol. Constr., Inc., No. 92-A-196, 1992 WL 164519, at *2 (D. Colo. June 25, 1992)(also stating that "the "general principles of suretyship apply equally as well in the Miller Act context because the Miller Act payment bond arrangement creates a principal/surety relationship"). "[A] surety's liability under the Miller Act coincides with that of the general contractor, its principal." Id.

Although the Tenth Circuit has never addressed the issue, several circuit courts have discussed whether a surety is personally bound by an arbitration proceeding in which the surety did not attend but about which the surety had notice. The Ninth Circuit held that a surety on a Miller Act subcontract was bound by an arbitration award decision later ratified by a state court, even though the surety "was not a named party in the arbitration and made no appearances" because the surety had actual notice of the state court action, tendered its defense to the principal, and used the same counsel as the principal.

-9-

United States ex rel. Aurora Painting, Inc. v. Firemen's Fund Ins. Co., 832 F.2d 1150, 1151 (9th Cir. 1987). The Fifth Circuit held that a judgment against a principal conclusively established the liability of a surety, as long as the surety had notice of the proceedings against the principal. Frederick v. United States, 386 F.2d 184, 185 n.6 (5th Cir. 1967). The Sixth Circuit held that a surety in a Miller Act case was bound by a confirmed arbitration award because the surety had notice of the arbitration proceedings against the principal, was named as a defendant in the district court complaint, and shared an attorney with the principal. United States ex rel. Skip Kirchdorfer, Inc. v. M.J. Kelley Corp., 995 F.2d 656, 660-61 (6th Cir. 1993). See also Drill South Inc. v. Int'l Fid. Ins. Co., 234 F.3d 1232, 1235 (11th Cir. 2000)("[T]he general rule that has emerged is that a surety is bound by any judgment against its principal . . . when the surety had full knowledge of the action against the principal and an opportunity to defend it.").

Applying these principles, federal district courts have addressed similarly situated parties. In United States ex rel. Frontier Constr., Inc. v. Tri-State Mgmt. Co., one case in which judgment was not entered against a surety, a federal district court was asked to enter judgment on an arbitration award entered only against the principal and not the surety. 262 F. Supp. 2d 893 (N.D. Ill. 2003). The entry of judgment was denied because there was "no indication that [the surety] had an opportunity to present defenses to [the contractor's] claims in the arbitration" when the surety had notice but no opportunity to defend and the arbitration award was "essentially a default judgment against [the subcontractor], as [the

-10-

subcontractor] failed to appear for the arbitration." 262 F. Supp. 2d at 895-97. In <u>United States ex rel. PCC Constr., Inc. v. Star Ins. Co.</u>, a federal district court refused to enter judgment against a surety when the surety was not named nor directly informed of a state court proceeding. 90 F. Supp. 2d 512, 515-21 (D.N.J. 2000).

The payment and performance bond agreements between B.E.N. Construction and NAICO require the following with regard to the parties' obligation under the bonds:

> We, the Principal and Surety(ies) are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. . . . [E]ach Surety binds itself jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. . . .

NAICO does not challenge the validity of the bond agreements or Davis Contracting's assertion that the surety under such an agreement is jointly and severally liable with the Principal. The amount awarded in the arbitration proceeding is below the "penal sum amount" of the bonds. NAICO challenges only whether it received sufficient notice of the arbitration.

The court first notes that NAICO admits it had actual notice of the arbitration proceeding on August 1, 2006. While it is true that the notice to NAICO was not given in the most advisable way (it would have been better practice by Davis Contracting's counsel to supply copies to NAICO of all correspondence between Davis Contracting, the AAA, and B.E.N. Construction), NAICO received notice of the arbitration proceeding in the response to the motion filed in this court and therefore NAICO had notice, regardless of its form. The

court has not been advised why NAICO did not act on this notice and correspond with Davis Contracting.  NAICO could have asked Davis Contracting to delay the arbitration proceeding, asked to be included in the arbitration proceedings, or could have conferred with B.E.N. Construction regarding its defenses.  NAICO did not do so and has not explained why.  But this does not change the fact that they had actual notice of the arbitration proceeding, ten days before the proceeding was to occur.  As discussed above, sureties have the same defenses as the principal; no more, no less.  NAICO has not alleged that B.E.N. Construction failed to adequately present these defenses or failed to prepare for the arbitration proceeding in any way.  NAICO has failed to claim, much less explain, how it was prejudiced by not being a participant at the arbitration.

 NAICO argues only that it did not receive <u>sufficient</u> notice of the arbitration proceeding and that if the court holds it liable by entering judgment against it pursuant to the arbitration award, the court would offend notions of due process under the Fourteenth Amendment to the United States Constitution.  (Doc. 20 at 3.)  In support of its argument, NAICO cites the case of <u>Raymond Int'l Builders, Inc. v. First Indem. of Am. Ins. Co.</u>, 516 A.2d 620 (N.J. 1986), which held that three weeks notice of an arbitration proceeding was insufficient to hold a surety liable on an arbitration award against the principal. However, the <u>Raymond Int'l Builders, Inc.</u> case involved "a claim worth $800,000" in a case in which the principal did not even appear at the arbitration.  Here, the arbitration award apparently involved only a $33,876.33 claim with an additional arbitration award of $3263.27 and $31,894.30 for pre-judgment

interest, attorney fees, and expenses.  Ten days was sufficient time to prepare for an arbitration proceeding of such a nature, especially considering NAICO's previous involvement in the federal suit and its resultant familiarity with the issues and parties involved.  In addition, NAICO has not alleged that B.E.N. Construction failed to appear at the arbitration proceeding or failed to adequately present defenses.

Because NAICO had actual notice and the opportunity to defend the arbitration proceeding, the court must confirm the arbitration award pursuant to 9 U.S.C. § 9.  Pursuant to Federal Rule of Civil Procedure 58 the clerk shall enter judgment against both B.E.N. Construction and NAICO, jointly and severally, pursuant to the parties' agreements as memorialized by the bond agreements.

### III.  **CONCLUSION**

For the above reasons, plaintiff's motion (Doc. 19) is GRANTED. Defendant NAICO's request for oral argument (Doc. 24) is DENIED.  The arbitration award is confirmed and defendants B.E.N. Construction and NAICO are hereby ordered, jointly and severally, to pay plaintiff the sums described in the award.  Davis Contracting is ordered to prepare a proposed journal entry of judgment for signature by the court.

A motion for reconsideration of this order pursuant to this court's Rule 7.3 is not encouraged.  The standards governing motions to reconsider are well established.  A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence.  Revisiting the issues already addressed is

not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed five pages and shall strictly comply with the standards enunciated by this court in Comeau v. Rupp. The response to any motion for reconsideration shall not exceed five pages. No reply shall be filed.

   IT IS SO ORDERED.

   Dated this   26th   day of January, 2007, at Wichita, Kansas.

                              S/Monti Belot
                              Monti L. Belot
                              UNITED STATES DISTRICT JUDGE