**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

```
UNITED STATES OF AMERICA        )
for the use and benefit of      )
DAVIS CONTRACTING, L.P.,        )
                                )
               Plaintiff,       )    CIVIL ACTION
                                )
v.                              )    No. 05-1219-MLB
                                )
B.E.N. CONSTRUCTION, INC.       )
and NATIONAL AMERICAN           )
INSURANCE COMPANY,              )
                                )
               Defendant.       )
                                )
```

**MEMORANDUM AND ORDER**

This matter comes before the court on defendant National American Insurance Company's ("NAICO's") motion to set aside the court's April 4, 2007 order and to alter or amend the court's February 26, 2007 judgment. (Doc. 36.) Plaintiff Davis Contracting, L.P. ("Davis Contracting") filed a response (Doc. 37) and the court heard argument from the parties on April 16, 2007. Pursuant to the court's instruction, Davis Contracting filed a supplemental memorandum. (Doc. 39.)

**I. PROCEDURAL HISTORY**

On January 26, 2007, the court entered its memorandum and order granting Davis Contracting's motion for confirmation of arbitration award and entry of judgment and denying NAICO's motion for oral argument. (Doc. 29.) Davis Contracting's motion asked the court to confirm an arbitration award and enter judgment on an underlying arbitration proceeding. The arbitration proceedings found for Davis Contracting on its underlying claim against defendant B.E.N.

Construction, Inc. ("B.E.N."). Davis Contracting asked that judgment be entered jointly and severally against B.E.N. and NAICO because NAICO was the surety bond holder of B.E.N. (Doc. 19.)

The court found that the Federal Arbitration Act authorized confirmation of the arbitration award. The court then held B.E.N. and NAICO jointly and severally liable on the award. The court noted: "NAICO does not challenge the validity of the bond agreements or Davis Contracting's assertion that the surety under such an agreement is jointly and severally liable with the Principal. . . . NAICO challenges only whether it received sufficient notice of the arbitration." (Doc. 29 at 11.) The court reviewed the relevant case law discussing the standards for holding a surety jointly liable on an arbitration award arising out of an arbitration that the surety had notice of but did not attend. The court found that NAICO had ten days notice of the scheduled arbitration and had not claimed it was prejudiced by not being a participant at the arbitration proceeding. The court stated that "NAICO could have asked Davis Contracting to delay the arbitration proceeding, asked to be included in the arbitration proceedings, or could have conferred with B.E.N. Construction regarding its defenses." Ultimately, the court concluded that considerations of due process were not offended by the confirmation of the arbitration award, jointly and severally against B.E.N. and NAICO. The court directed Davis Contracting to prepare a proposed journal entry of judgment for signature by the court. (Doc. 29 at 13.)

On February 26, 2007, the court entered an "Agreed Journal Entry of Judgment" which incorporated the court's January 26 memorandum and

order and entered judgment in favor of plaintiff, jointly and severally against B.E.N. and NAICO, with the appropriate delineation of the award, fees, and interest.  (Doc. 31.)

Thereafter, on March 12, 2007, NAICO filed a motion to alter or amend judgment, pursuant to Federal Rule of Civil Procedure 59(e). (Doc. 32.)  NAICO sought dismissal of Davis Contracting's claim against NAICO based on the following grounds: 1) the court incorrectly assumed NAICO could have intervened in the arbitration between Davis Contracting and B.E.N.; and 2) the court misapplied "applicable laws and the rules of this Court when it ruled that eight days' notice of an arbitration proceeding to which NAICO was not a party met due process requirements."  After Davis Contracting filed its response to NAICO's motion (Doc. 33), the court denied NAICO's motion on April 4, 2007.  (Doc. 34.)

The court's April 4 order identified NAICO's motion as untimely. The court also noted that the judgment that was entered was agreed to by NAICO's counsel.  For these reasons, the court did not reach the underlying grounds NAICO asserted for its motion to alter or amend judgment.  Subsequently, NAICO notified the court that it had not consented to the filing of an "agreed" journal entry of judgment and that the February 26 journal entry had been mislabeled.  The court scheduled a hearing on the matter.  (Doc. 35.)

NAICO than filed its "Rule 60 motion for relief" asking the court to set aside its April 4 order and alter or amend its February 26 judgment.  (Doc. 36.)  At the hearing, the court asked for additional briefing on the issue of the timeliness of NAICO's March 12 motion, which was subsequently filed.  (Doc. 39.)

-3-

**II.  ANALYSIS**

The current motion that is the subject of this memorandum and order seeks two things from this court.  First, the motion asks the court to set aside its April 4 order.  Rule 59 states that a motion to alter or amend judgment "shall be filed no later than 10 days after entry of the judgment."[1]  Rule 6(a) excludes from the computation of the ten day period "intermediate Saturdays, Sundays, and legal holidays."  Rule 58(a) requires the entry of a separate document memorializing judgment and Rule 58(b) states that judgment is not entered until it is set forth on the civil docket on a separate document.  As a result, the court was incorrect in stating in its April 4 order that NAICO's motion was untimely.  In fact, NAICO filed its motion on the tenth day following the entry of the February 26 judgment.  At the April 16 hearing, the parties also agreed that the journal entry of judgment was not an "agreed" journal entry of judgment and that Davis Contracting had incorrectly labeled the proposed journal entry.  Therefore, the court grants that portion of NAICO's motion asking the court to set aside the court's April 4

---

[1]   D. Kan. Local Rule 7.3 states that motions seeking reconsideration of dispositive orders must be filed pursuant to Rule 59(e) or 60.  The court's January 26 memorandum and order was a dispositive order as it was a final decision terminating the proceedings before it.  See, e.g., Pioneer Properties, Inc. v. Martin, 776 F.2d 888, 891 (10th Cir. 1985) (holding that a stay of a federal suit pending arbitration is not a final order but that following the arbitrator's determination of the merits of the underlying claims, a party could return to federal court seeking review of the arbitrator's decision and after the district court's judgment, the party could then appeal the district court's judgment to the circuit).

order.[2]

NAICO's second request of this court is to alter or amend the February 26 judgment. NAICO does not elaborate on the grounds for altering or amending the judgment, but the court assumes it relies on the grounds proposed in its March 12 motion, which sought relief pursuant to Rule 59(e). The court now reaches the merits of NAICO's proposed grounds for relief. The standards for granting a motion for reconsideration brought pursuant to Rule 59(e) are well known:

> A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of due diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider, and advancing new arguments or supporting facts which were otherwise available for presentation when the original summary judgment motion was briefed is likewise inappropriate.

Comeau v. Rupp, 810 F. Supp. 1172, 1174-75 (D. Kan. 1992) (internal citations and quotations omitted); see also Adams v. Reliance Standard Life Ins. Co., 225 F.3d 1179, 1186 n.5 (10th Cir. 2000) (stating that a Rule 59(e) motion is normally granted "only to correct manifest errors of law or to present newly discovered evidence").

Both of NAICO's proposed grounds are easily disposed of. NAICO's first argument, that the court incorrectly assumed that NAICO could

---

[2] The court notes that at the time of its April 4 order, there was no indication that the journal entry of judgment was not an "agreed" judgment. The journal entry so stated and in filings by NAICO subsequent to the judgment's entry, NAICO did not alert the court to the contrary. The "agreed" judgment was filed February 26 and in NAICO's motion of March 12, it did not alert the court to the fact that the journal entry was not, in fact, agreed. However, because Davis Contracting readily admits that the judgment was not "agreed," the court prefers to reach the merits of NAICO's arguments.

-5-

have intervened in the arbitration proceeding, is a misstatement of the court's position. The court stated, as one of its bases, only that NAICO could have "asked to be included in the arbitration proceedings." NAICO protests that the "Construction Industry Arbitration Rules and Mediation Procedures of the American Arbitration Association" do not provide for intervention; however, the Rules do provide a mechanism for consolidation and joinder of actions and a provision for initiating an arbitration by submission, rather than pursuant to a contractual provision. NAICO then argues that the timelines established within the Federal Rules of Civil Procedure "reflect the judgment of the Supreme Court and the judges of this District as to the minimum time required to afford fundamental fairness," and thus due process, to NAICO.[3] NAICO fails to cite any authority for its position, and does not distinguish the litany of cases discussed in the court's January 26 memorandum and order describing the factors for considering whether sufficient notice has been given of an arbitration proceeding to comply with the notions of due process. In addition, NAICO did not raise either of the grounds discussed herein in its opposition to Davis Contracting's motion for confirmation of the arbitration award against it. As a result, the court denies that portion of NAICO's motion asking the court to alter or amend the February 26 judgment.

---

[3] NAICO does not appear to be arguing that the Federal Rules of Civil Procedure apply to arbitration proceedings. Rather, NAICO is arguing that the Rules somehow establish the baseline of what is "fair" with respect to notice. To the contrary, the cases cited by the court in its January 26 memorandum and order establish what is "fair" with respect to notice of arbitration proceedings.

**III.  CONCLUSION**

NAICO's motion is GRANTED in part and DENIED in part for the reasons stated more fully herein.

IT IS SO ORDERED.

Dated this   27th   day of April, 2007, at Wichita, Kansas.

                                          S/ Monti Belot
                                          Monti L. Belot
                                          UNITED STATES DISTRICT JUDGE